FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 DEC 12  AM 10: 41

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK L. MCSMITH          CIVIL ACTION

VERSUS                                NO: 07-9251

LOYOLA UNIVERISTY                     SECTION: "J" (3)


### ORDER AND REASONS

Before the Court is Plaintiff LeRoy, a/k/a Derek McSmith's "Motion for Leave to File" a complaint naming as Defendant, Loyola University New Orleans.[1]  Plaintiff must obtain leave of court to file his complaint because pursuant to an order entered by Judge Martin L.C. Feldman on in *LeRoy a/k/a Derek McSmith v. Chasez*, 07-656 (E.D. La. April 10, 2007), the Clerk of Court may not accept any initial pleadings from LeRoy a/k/a Derek McSmith, *unless the initial pleading is accompanied by advance written permission of a district judge of this court.*  For the following reasons, the Court denies the "Motion for Leave to File."

---

[1] Plaintiff's suit actually names Loyola University as the defendant.  Plaintiff avers that the Defendant may be served at 6363 St. Charles Ave. in New Orleans, Louisiana.  The entity located at that address is Loyola University New Orleans. Therefore this Court assumes that Plaintiff intended suit against that entity.

___ Fee_____
___ Process_____
_X_ Dktd _____
_✓_ CtRmDep_____
___ Doc. No_____

Plaintiff claims that he has been denied access to the J. Edgar & Louise S. Monroe Library at Loyola University New Orleans in violation of 44 U.S.C. § 1911.  That section of the United States Code provides, in pertinent part, that "Depository libraries shall make Government publications available for the free use of the general public."  *Id.*  Plaintiff alleges that on December 3, 2007, he asked the desk clerk at the Monroe Library whether the library was a federal depository.  After being informed that it was, Plaintiff claims that he went to "the computer monitor to obtain certain codes relevant to his research and to gather his belongings."  Thereafter, Plaintiff alleges that a campus police officer approached Plaintiff and asked him to leave campus on the basis that he had been banned from the premises.

### LEGAL STANDARD

"A federal court may dismiss a claim in forma pauperis if satisfied that the action is frivolous or malicious."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless." *Marcias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## DISCUSSION

Plaintiff alleges that banning him from campus violates 44 U.S.C. § 1911.  The Monroe Library is in fact a federal depository library, and Plaintiff alleges that he was asked to leave the premises. However, there is no indication that section 1911 provides Plaintiff with a private cause of action.  No court has held that violation of section 1911 allows a Plaintiff to seek relief in a district court.  In fact, the relatively few courts that have considered the statute have concluded that the statute allows private libraries the ability to reasonably restrict access to the premises despite their status as federal depository libraries.  *See Commonwealth v. Downing*, 511 A.2d 792, 795 (Pa. 1986)(affirming the right of a federal depository library to restrict access to students during specific times of the year); *McSmith v. United States*, 2007 WL 2007995, No 07-1081 (E.D. La. July 5, 2007)(holding that refusing access to government documents during restricted hours did not violate federal law).

As in *Downing*, there is no allegation or evidence that the Plaintiff was denied free use of government publications or that,

even if he had requested them, the materials would not have been made available to him.   *Cf. Downing*, 511 A.2d at 795. Accordingly,

   **IT IS ORDERED** that Plaintiff's Motion for Leave to File is **DENIED.**

   New Orleans, Louisiana this the 11th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4