```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

   LEROY a/k/a DEREK L. MCSMITH          CIVIL ACTION

   VERSUS                                NO: 07-9251

   LOYOLA UNIVERISTY                     SECTION: "J" (3)
```

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Reconsider (Rec. Doc. 3).  For the reasons below, Plaintiff's Motion is Denied.

**BACKGROUND**

Plaintiff filed the instant motion seeking relief under FED. R. CIV. P. 6(b).  However, that Federal Rule concerns the computing and extending of time, which is not applicable in this case.  It is assumed that the Plaintiff seeks relief under FED. R. CIV. P. 60(b) which concerns the grounds for relief from a final judgment or order.  Plaintiff seeks reconsideration of this Court's order denying his motion for leave to file a complaint. (Rec. Doc. 2).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of*

*Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Such a motion may be considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003).

> A Rule 59(e) motion 'calls into question the correctness of a judgment.' [The Fifth Circuit Court of Appeals] has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). This Court may properly decline to consider new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order. *Id.*

## DISCUSSION

In this case, Plaintiff disagrees with this Court's interpretation and reliance on *Commonwealth v. Downing*, 511 A.2d

792, 795 (Pa. 1986). The mere fact that Plaintiff disagrees with this Court's ruling is not grounds for a motion to reconsider. *Henson v. Odyssea Vessels, Inc.*, No. 07-613, 2008 WL 89513 (E.D. La., Jan. 7, 2008); *F.D.I.C. v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993)(holding that a motion that "merely expresses disagreement with the findings of the Court" is not grounds for a motion to reconsider);

Therefore Plaintiff has not presented new evidence nor has he shown that the Court committed a manifest error of law or fact. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Rec. Doc. 3) is **DENIED.**

New Orleans, Louisiana this the 29th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE